CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY *vs.* COUNTY OF HOUSTON.

June 15, 1888.

Taxes—Railway Property—Grain Elevator.—A grain elevator standing upon the lands of a railroad company, owned by it, and constituting a part of its real estate, is not taxable as personal property of the corporation.

A grain elevator, owned by plaintiff, and situate on land owned by it in Houston county, was assessed as personal property, and the amount of the tax was paid by plaintiff after the sheriff had distrained certain of its freight cars, pursuant to a warrant issued for the collec-

tion of the tax. The sheriff having paid over to the county treasurer the money thus collected, the plaintiff brought this action in a justice's court in Houston county to recover the amount so exacted from it. The justice rendered judgment for defendant, and the plaintiff appealed, upon law and fact, to the district court, where a jury was waived and the action tried by *Farmer*, J., who ordered judgment for plaintiff. Defendant appeals from the judgment.

*James O'Brien,* for appellant.

*W. H. Harries* and *John T. Fish,* for respondent.

DICKINSON, J. This case involves the question whether a certain grain elevator on the line of the plaintiff's railroad is taxable as personal property. The court below did not determine whether or not this property was taxable at all, nor shall we have occasion to consider that question. There is no dispute as to the facts upon which this case must be decided. The building was constructed and is owned by the railroad company. It stands upon its land, and is real property. If, therefore, it is taxable at all, it must be taxed as real estate, in accordance with the general law, and the owner is not to be personally charged with taxes upon the property, unless that is authorized by some specific statutory provision.

We are referred to Laws 1876, *c.* 4, as a statute expressly authorizing the taxation of such structures as personal property. That statute is entitled "An act to provide for the taxation of elevators, grain-houses, or other buildings located on railroad grounds." It is as follows: "All elevators, warehouses, or grain-houses, and all machinery and fixtures therein, situate upon the line of any railroad corporation in this state, and which elevators, warehouses, grain-houses, machinery, and fixtures are not in good faith owned, operated, and exclusively controlled by such corporation, shall be taken and deemed, for all purposes of taxation, personal property; and the same  *  *  * shall be listed and assessed in the name of the owner, if known, and, if not known, the same shall be listed and assessed as 'Owner unknown.'  *  *  *" The most reasonable construction of this act is that which makes it applicable to structures of the kind specified, owned by other persons than the railroad company, but situate upon the land of the latter, and which properly have the character of per-

sonal property.   We consider that it was not intended to apply to a building like that in question, standing upon the land of the railroad company, owned by it, and being in fact a part of its real estate.   It would be difficult to assign a reason for a statutory provision prescribing that the real property of a railroad company—that which is unquestionably and essentially real property—shall be treated as personal property for the purposes of taxation.   It would be still more difficult to assign a reason for a law specifically declaring that that part of such real property consisting of permanent buildings should be taxed as personal property, while no provision is made concerning the land upon which the buildings stand, and which is properly taxable as personal property if the buildings occupying the land are so taxable, and for the same reason.   On the other hand, there are obvious reasons for taxing as personal property, in the name of the owner thereof, the structures of other persons "located on railroad grounds," the ownership of which is distinct from that of the land. In our opinion, the act should be construed as declaring the taxability to the owner, as personal property, of the structures specified, standing upon the lands of a railroad company, but not owned by it, and which it does not operate and control.

Gen. St. 1878, *c.* 11, § 16, subdiv. 29, requires the lists of personal property for taxation to set forth "the value of all elevators, warehouses, and improvements on lands, the title of which is vested in any railroad company."   A construction of this statute which would require the listing and taxation, as personal property, of elevators of the corporation, comprising a part of its real estate, would also have that effect as to its freight-depots.   This, like the act of 1876, refers to property and improvements of other persons upon railroad lands.

Judgment affirmed.